# STATE OF WEST VIRGINIA

*In re* **K.M., H.T., and S.D.**

**No. 17-1078** (Mercer County 15-JA-170 and 171 and 16-JA-181)

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.D., by counsel Gerald R. Linkous, appeals the Circuit Court of Mercer County's November 6, 2017, order terminating her parental rights to K.M., H.T., and S.D.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Raeann Osborne, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental, custodial, and guardianship rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 16, 2015, the DHHR filed an abuse and neglect petition against petitioner alleging that on October 14, 2015, K.M. was admitted to Princeton Community Hospital for severe dehydration and multiple areas of bruising all over her body. Petitioner waived her preliminary hearing. On December 15, 2015, the circuit court held an adjudicatory hearing at which petitioner stipulated to the allegations of abuse and neglect as set forth in the petition. Petitioner was adjudicated as an abusing parent and received a post-adjudicatory improvement period. According to petitioner, she was reunified with H.T. and K.M.

On September 16, 2016, the DHHR filed an amended petition alleging that S.D., petitioner's two-month-old child, was transported to Ruby Memorial Hospital because the child suffered from hemorrhages on his brain and bilateral posterior rib fractures. The attending physician determined that the child had suffered from non-accidental trauma. The supplemental petition further alleged that petitioner told the Child Protective Services worker that she was the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

only person who provided direct care for S.D. On January 4, 2017, the DHHR filed an amended supplemental petition alleging that multiple individuals had supervised S.D. on multiple occasions.

On June 1, 2017, the circuit court held an adjudicatory hearing at which a DHHR worker testified that petitioner had a history of allowing inappropriate people to be alone with and/or care for her children, even though petitioner previously claimed that she was the children's sole caregiver. He also testified that petitioner was provided with support services before the amended petition was filed and S.D. "still ended up with multiple brain bleed[s] and bilateral broken ribs." A service worker testified that K.M. disclosed to her that the father struck S.D. in the head and kicked him, and that petitioner dropped the child on his head. Another DHHR worker testified that she filed the original abuse and neglect petition regarding K.M. and H.T. She also testified that petitioner's explanations for S.D.'s bruising were inconsistent and, upon further questioning, petitioner admitted that another woman provided care for the child. According to the DHHR worker, that woman was "a very dangerous person that was known to the Department." Another DHHR worker testified that petitioner indicated to him that several people had been alone with S.D. He also testified that he did not believe petitioner corrected the issues that led to the filing of the abuse and neglect petition. The DHHR recommended termination of petitioner's parental rights.

Petitioner testified that several people had provided care for and were alone with S.D. She first testified that she had no suspicions regarding any of the people she left the child alone with and that she never harmed the child, but later testified that she believed that K.M. and S.D. were both harmed by one particular person with whom she had a relationship. Petitioner also admitted to lying to the DHHR about who was providing care for S.D. because she did not trust the DHHR. The circuit court found by clear and convincing evidence that petitioner abused and neglected S.D. and adjudicated her as an abusing parent.

On September 12, 2017, the circuit court held a dispositional hearing. Petitioner informed the circuit court that she wished to voluntarily relinquish her parental rights to S.D., but the circuit court denied her request. The DHHR informed the circuit court that petitioner tested positive for cocaine. The DHHR recommended that termination of petitioner's parental rights to all three children was in the children's best interests. A service provider who supervised visits between petitioner and the children testified that petitioner was doing well at visits and that she did not believe that termination was in the best interests of the children due to their close bond with petitioner. Upon cross-examination by the guardian, the caseworker admitted that petitioner was in a relationship with a man who had a criminal history that involved selling drugs. Another service provider testified that petitioner made some progress in her parenting skills. She also testified regarding the bond between petitioner and K.M. and H.T. and opined that termination of petitioner's parental rights would be devastating to those two children, although both service providers agreed that "bad things" seemed to happen to the children when petitioner was not directly supervised. Petitioner admitted that she allowed her children to be supervised by other individuals who severely injured K.M. and S.D. The DHHR recommended termination of petitioner's parental rights and argued that improvement by petitioner was unlikely. The guardian also argued that termination was in the children's best interests. The circuit court found no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the

near future and that termination of petitioner's parental rights was in the children's best interests. Ultimately, the circuit court terminated petitioner's parental, custodial, and guardianship rights in its November 6, 2017, order.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights because termination was not in the children's best interests. We disagree. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

While petitioner asserts that two service providers testified that termination was not in the children's best interests, both workers admitted that "bad things" happened to the children when petitioner was not supervised. It is clear that termination of petitioner's parental rights was in the children's best interests when petitioner had a history of allowing inappropriate individuals to supervise her children and those individuals caused severe injuries to two of her children. Furthermore, petitioner initially lied to the DHHR regarding who supervised her children. After she was adjudicated as an abusing parent as a result of K.M.'s injuries, petitioner was granted a post-adjudicatory improvement period and was provided months of services. However, less than a year later, two-month-old S.D. was admitted to the hospital for severe, non-accidental injuries. At the dispositional hearing, the DHHR also informed the circuit court that petitioner tested

---

[2]Both fathers' parental rights were terminated below. According to the guardian and the DHHR, the permanency plan for the children is adoption by the current foster family.

3

positive for cocaine. Ultimately, both the DHHR and the guardian recommended that termination of petitioner's parental rights was in the children's best interests because of her inability to provide them with proper supervision. Moreover, due to petitioner's behavior and pattern of abuse of the children, it is clear that there was no reasonable likelihood that petitioner could have substantially corrected the conditions of abuse or neglect in the near future.

Further, while petitioner argues that the circuit court erred in terminating her parental, custodial, and guardianship rights instead of employing a less-restrictive alternative, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). For these reasons, we find no error in the circuit court's termination of petitioner's parental, custodial, and guardianship rights.

Petitioner also asserts that she should be permitted to relinquish her parental rights to S.D. We disagree and have held that

> [a] circuit court has discretion in an abuse and neglect proceeding to accept a proffered voluntary termination of parental rights, or to reject it and proceed to a decision on involuntary termination. Such discretion must be exercised after an independent review of all relevant factors, and the court is not obliged to adopt any position advocated by the Department of Health and Human Resources.

Syl. Pt. 4, *In re James G.*, 211 W.Va. 339, 566 S.E.2d 226 (2002). Here, the circuit court was within its discretion to reject petitioner's proffered voluntary relinquishment of her parental rights to S.D. and we find no error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 6, 2017, dispositional order is hereby affirmed.

Affirmed.

4

**ISSUED**:  May 14, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

5